# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

TIMOTHY NELSON EVANS                                             PLAINTIFF

v.                                                          No. 4:17CV106-RP

ANGELA BROWN, ET AL.                                           DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION [54]
## TO WITHDRAW CONSENT TO MAGISTRATE JURISDICTION

This matter comes before the court on the motion [54] by the plaintiff, Timothy Nelson Evans, to withdraw his consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). "Upon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1); *Mendes Junior Int'l Co. v. M/V SOKAI MARU,* 978 F.2d 920, 922 (5th Cir.1992). "[C]onsent to trial before a magistrate [judge] waives the right to trial before an article III judge." *Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987). At the *Spears* hearing in this case, the court informed Mr. Evans that he could choose to proceed before a Magistrate Judge, and Evans stated on the record that he wished to do so. Then, Mr. Evans completed and returned the standard form consenting to magistrate jurisdiction. That form also explained the process and consequences of this decision.

There is no absolute right to withdraw a validly given consent to trial before a magistrate. *Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir. 1987). As with the standard for granting motions to withdraw waivers of other rights, motions to withdraw consent to trial before a magistrate judge may be granted only for good cause, a decision left to the sound discretion of

the trial court. *Kirshberger v. United States,* 392 F.2d 782 (5th Cir.1968) (withdrawal of guilty plea); *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979) (Fed.R.Civ.P. 39(b) motion to withdraw waiver of jury trial); *United States v. Mitchell,* 777 F.2d 248 (5th Cir.1985) (motion for continuance to allow representation of specific counsel). Once accepted, a referral to a Magistrate Judge may only be vacated upon a showing of "extraordinary circumstances." 28 U.S.C. § 636(c)(4); *see also Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 292 (5th Cir. 2002).

## Mr. Evans' Previous Lack of Candor to the Court

Mr. Evans argues that the court has taken too long to rule on the many motions he has filed in this case, including several motions for injunctive relief. Given Mr. Evans' dishonesty in another, substantially identical, case filed in this court, the court has, for some time, mulled over how to proceed in the instant case. As discussed in the court's memorandum opinion in the present case, Mr. Evans fabricated nearly all of the claims in his previous case (*Evans v. Santos*, 4:15CV72-DMB-JMV (N.D. Miss.)) – namely, that he received absolutely no medical treatment for over a year after filing a grievance regarding water in his cell – and that the withholding of treatment was in retaliation for having filed a federal lawsuit regarding his alleged lack of medical care. Evans simply cut this claim out of whole cloth, as his medical records reflect that he was treated *over 90 times* during the relevant period, receiving treatment at least weekly for a variety of ailments. In addition, Mr. Evans files motions at a relentless pace, as his previous case contains some 264 docket entries (an extraordinarily large number for a *pro se* prisoner case.) These facts give the court pause when considering Mr. Evans' current federal civil rights claims.

**Proceeding in the Present Case**

In the present case, Mr. Evans has re-alleged the same claims covering the same time periods as those in his previous case, but has added nearly identical claims allegedly occurring during the period immediately afterward. Indeed, even in the present motion, Mr. Evans alleges "**ALL** medical care has been completely cut off by [Mississippi State Penitentiary Superintendent] Marshal Turner and all security." ECF Doc. 54 at 1. He further alleges that the defendants have stopped providing medical care because of: racial bias, bias against homosexuals, and because he made allegations in the present suit that the defendants have engaged in hate crimes against him and others. *Id*. at 2.

The court at first considered dismissing this entire case as vexatious because, in the previous case, the court had already decided most of the claims against Evans, and the new allegations appear to be more of the same, but from a later time. However, as Mr. Evans is being treated for mental health problems, the court did not wish to dismiss the case without reviewing documentary evidence of his treatment (mainly medical records) – and giving the parties an opportunity to present arguments on the requests for injunctive relief. Thus, the court will issue an order moving Mr. Evans' later claims forward – and a separate order setting a briefing schedule for the parties to present their arguments regarding injunctive relief.

The court notes that Mr. Evans' lengthy, rambling, and repetitive pleadings, coupled with the sheer number of documents he submits to the court, create an unnecessary drain on judicial resources. This problem is magnified when, as in the previous case, the overwhelming majority of Mr. Evans' allegations are demonstrably false – and the rest fail to state a valid claim for relief. The court cautions Mr. Evans that, should the allegations in the present case prove

equally false, then the court will issue an order to show cause why he should not be sanctioned as a deterrent to filing false allegations in the future.

For the foregoing reasons, the instant motion [54] to withdraw consent to magistrate jurisdiction is **DENIED**.

**SO ORDERED**, this, the 1st day of May, 2018.

/s/   Roy Percy

UNITED STATES MAGISTRATE JUDGE