# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**TIMOTHY NELSON EVANS**                                        **PLAINTIFF**

**v.**                                        **No. 4:17CV106-RP**

**ANGELA BROWN, ET AL.**                                        **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Timothy Nelson Evans, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff appeared before the court for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed.

Mr. Evans alleges that the defendants have denied him adequate medical care and have retaliated against him for seeking redress for grievances. He alleges that, from 2014 until the present, the defendants have failed to provide him with adequate medical care – and have done so in retaliation for his filing of grievances and lawsuits. Mr. Evans has, however, previously filed in this court a substantially identical suit, which the court dismissed on February 14, 2017. *Evans v. Santos,* 4:15CV72-DMB-JMV (N.D. Miss.) Indeed, Mr. Evans has attached numerous exhibits to his present complaint that he used in his previous case – and the case number of the previous action is written across the top of many of those exhibits. For the reasons set forth below, the plaintiff's claims arising

before the date of judgment in the previous suit will be dismissed with prejudice under the doctrines of *res judicata* and collateral estoppel.

## Timothy Evans' Previous Case

In a previous complaint, Mr. Evans alleged that "all of his medical care was terminated starting about July 22, 2014, approximately one week after he filed a grievance to prison officials about water leaks." *Evans v. Santos*, 4:15CV72-DMB-JMV (N.D. Miss.) (Doc. 253 at 2). Mr. Evans' medical records, however, revealed a completely contrary set of facts, as he was treated some 90 times from July 22, 2014, through April 13, 2015 (the relevant period in his original complaint). *Id*. at 6-12. Indeed, a list containing a brief description of his medical treatment during this period filled over five single-spaced pages of the court's opinion granting summary judgment to the defendants. *Id*. In *Evans v. Santos, supra*, Mr. Evans alleged that, even after he filed his complaint, the defendants failed to provide him medical treatment. *Id*. at 12-14. Again, in that case, "the evidence produced … including that submitted by [Evans], makes it apparent that [Evans] has been regularly monitored, evaluated, and treated for his numerous medical and psychological complaints." *Id*. at 15.

The evidence showed that Mr. Evans "at times … had difficulty obtaining his medications … and missed at least two physical therapy appointments." *Id*. at 14. However, he simply fabricated his claim that he had received no treatment whatsoever after July 21, 2014, and the record evidence made clear that he had also fabricated several specific claims as the case progressed. *See, e.g., Evans v. Santos*, Doc. 253 at 12 (contrary to plaintiff's assertion, he was provided Prilosec or generic equivalent in large quantities to "keep on his person and self-administer"), 13-14 (contrary to plaintiff's assertion, he was seen by medical personnel "at least weekly"), 14 (contrary to plaintiff's assertion in a request for injunctive relief, he was treated for skin lesions, as they were completely removed), (contrary to plaintiff's assertion, he "had received medications as prescribed.")

**Claims in the Present Case**

Mr. Evans' submissions to the court can be a challenge to read and interpret. However, he makes claims regarding denial of medical care during various periods. He alleges that from April 14, 2014, through May 17, 2015, Nurse Brown and others refused to provide him with medical treatment because he is Caucasian, because he had filed a grievance regarding water in his cell, and because he had filed a lawsuit against Nurse Brown and others. Doc. 1 at 5-6. He raised these claims in his previous suit, and the court rejected them. He also alleges that from September 4, 2016, through April 11, 2017, "LPN Davis [did] not bring cancer meds." *Id.* at 6. In addition, he states that from September 1, 2016, through May 1, 2017, he has been "denied call outs." *Id.* Further, he asserts that he has not seen the results of follow-up testing to see if all of the cancer was removed in a previous procedure. *Id.*

**Discussion**

In the previous case, the court decided essentially all of these claims against the plaintiff, and, as noted above, most of Mr. Evans' claims in the prior case were fabricated. The court addressed the issue of allegedly denied "call-outs" in the previous case, as well as the alleged denial of medication (as Evans had raised these claims in his motion for injunctive relief). *Evans v. Santos*, Doc. 253 at 6-12 (issues resolved), Doc. 203 at 5 (denial of cancer medication raised in motion for injunctive relief). The last medical opinion of record in the previous case was that Mr. Evans' cancer was completely removed. *Evans v. Santos*, Doc. 253 at 14. The court can find no authority to support the proposition that a delay in relaying results of diagnostic testing to an inmate patient rises to the level of deliberate indifference.

***Res Judicata* and Collateral Estoppel**

All of the claims the plaintiff brings in this case arising on or before February 14, 2017, are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion).  *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978).  *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."  *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if:  (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action.  *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994).  Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts.  *Id.  Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case.  *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the defendants' alleged failure to provide adequate medical treatment and retaliation for filing grievances and lawsuits; nor may the plaintiff pursue any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Dr. Juan Santos, Nurse Practitioner Angela Brown, and LPN Freddie Williams regarding events occurring before February 14, 2017, should be dismissed as frivolous. Further, under the doctrine of issue preclusion, as to all defendants, all of the plaintiff's claims arising on or before February 14, 2017, regarding denial of adequate medical care and retaliation must be dismissed as frivolous, as valid judgments have been entered against the plaintiff in his previous case covering these precise issues. Thus, only the plaintiff's claims of denial of adequate medical care and retaliation arising after February 14, 2017, remain.

## Pending Motions for Injunctive Relief

The plaintiff has filed several rambling motions [11], [12], [17], [44], [48] for injunctive relief in this case, in which he alleges similar misconduct by the defendants and others involving denial of adequate medical care and retaliation for seeking redress for grievances through the prison grievance system and the courts. Most of the allegations involve the alleged refusal by the defendants (primarily Nurse Angela Brown) to treat cancerous lesions on his head. The plaintiff has also made multiple requests [24], [37], [51] for a hearing on these matters. In his previous case, Mr. Evans alleged that he had not received any medical care for over a year, when in truth the defendants had treated him some 90 times during that period. For this reason, the court has grave doubts regarding the truthfulness of his current, substantially similar, allegations. By separate orders, the court will require the defendants to answer – and to respond to Mr. Evans' motions for injunctive relief. The briefing order will focus

on the documentary evidence of Mr. Evans' medical treatment from February 14, 2017, until the present, with special emphasis on his treatment for stomach trouble and cancer.

## Conclusion

For the reasons set forth above, all of the plaintiff's claims arising on or before February 14, 2017, will be dismissed as to defendants Dr. Juan Santos, Nurse Practitioner Angela Brown, and LPN Freddie Williams under the doctrine or *res judicata*. In addition, all of the plaintiff's claims arising on or before February 14, 2017, will be dismissed as to all defendants under the doctrine of collateral estoppel. Further, as the court will order a briefing schedule regarding the plaintiff's motions [11], [12], [17], [44], [48] for injunctive relief, his requests [24], [37], [51] for a hearing on the motions for injunctive relief will be denied without prejudice. If the court later finds that a hearing is necessary, it will set one *sua sponte*. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of May, 2018.


/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE